329 So.2d 413 (1976)
Evelyn FREEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 75-243.
District Court of Appeal of Florida, Fourth District.
April 2, 1976.
Richard L. Jorandby, Public Defender, and James R. Bean, III, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie Bernard, Asst. Atty. Gen., West Palm Beach, for appellee.
MAGER, Judge.
Upon due consideration of the briefs and record on appeal we are of the opinion that the legal issues raised in this appeal have been laid to rest by the Supreme Court in its recent decisions of State v. Jones, Fla., 327 So.2d 18, opinion filed January 14, *414 1976 and Ivey v. State, Fla., 327 So.2d 219, opinion filed February 11, 1976.
These decisions essentially hold that trial courts have both the general and specific authority to impose a split sentence probation alternative, i.e. imprisonment as condition for probation; and that upon a finding that probation has been violated trial courts are authorized to impose any sentence that might have been originally imposed. State v. Jones, supra.
In the instant situation appellant, in 1971, was originally placed on probation with six months incarceration in the county jail as a condition of said probation for the offense of breaking and entering with intent to commit a felony. In 1974, upon finding that appellant violated the terms and conditions of probation the court imposed an 8-year sentence. No appeal was taken from that order; instead appellant filed a motion to vacate and set aside sentence challenging the split sentence probation alternative which motion was denied resulting in the instant appeal.
Although we conclude that the issues raised are without merit because of the above cited cases, we note that the record reflects that appellant was not given credit for time spent in the county jail pursuant to the split sentence probation order which credit is required under the aforementioned cases. Accordingly, the cause must be remanded for the purpose of giving appellant credit for time served in the county jail as a special condition of the initial probation sentence; in all other respects the judgment below is affirmed.
In passing we cannot help but observe what appears to this court to be the imposition of an unduly harsh sentence under the circumstances, i.e. eight years in the state prison. At the time of the commission of the offense and the entry of probation, appellant was seventeen years old; at the time of the revocation of her probation she was twenty years old. The stated basis for the order of revocation was appellant's failure to submit one of the written monthly reports; failure to remain gainfully employed; and the failure to report to her probation supervisor. No criminal activity was indicated.
Although the transcript of the probation revocation hearing is contained in the record on appeal, the sufficiency of the evidence to support the revocation was not raised on direct appeal nor in this appeal. Therefore, it is not appropriate for the court to consider this issue nor can we inquire into the legality of a sentence that is within the limits provided by law. Nevertheless, we are not precluded from commenting on what the record reflects, albeit gratuitous or dicta; in this regard, we wonder whether society and the defendant are best served by the particular sentence imposed on the basis of the "violations" involved.
We realize that we do not view the particular case from the same vantage point as the trial court; our analysis is based on what is often referred to as the "cold-type transcript". As such, our comments covering the severity of sentence are colored by a form of detached objectivity that may tend to overlook pragmatic considerations. Hopefully, however, this detachment (and its ensuing pronouncements) will serve to further  rather than hinder  the cause of justice. Having sufficiently belabored the point and in recognition of our own appellate limitations which is of little comfort to the defendant, we affirm and remand the cause for further proceedings consistent herewith.
AFFIRMED, in part; REVERSED, in part, with directions.
WALDEN, C.J., and CROSS, J., concur.