402 So.2d 482 (1981)
Adam LEWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 81-811.
District Court of Appeal of Florida, Second District.
August 5, 1981.
*483 CAMPBELL, Judge.
Appellant alleges four grounds for post-conviction relief in his rule 3.850 motion. We deem appellant's allegation that he received an illegal sentence according to Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981), the only ground that has merit. Therefore, we affirm appellant's conviction but remand his sentence for correction in light of Villery.
In Villery, the Florida Supreme Court held that a period of incarceration followed by probation imposed either as a condition of probation or under a true split sentence as authorized by section 948.01(4), Florida Statutes (1979), cannot equal or exceed one year in either instance. The court further held that its decision would apply retroactively. In its holding the court speaks of incarceration as a condition of probation and incarceration under a split sentence as if they were similar judgments, referring to them both as "the so-called split sentence alternative." 396 So.2d at 1109. They conclude, as they have previously,[1] that section 948.03(2), Florida Statutes (1979), allows a trial judge to include in a probation order any other proper conditions or terms not enumerated in the statute. This section has been commonly cited as the authority under which a trial judge may include incarceration as a condition of probation.
However, Villery goes on to say that section 948.01(4),[2] the statute which provides for a true split sentence alternative, is the specific authority for a trial judge to require a defendant to be incarcerated as a condition of probation.[3] The opinion analyzes how the appellate courts of this state have been concerned with judges committing a defendant to jail for long periods of time as a part of the split sentence alternative.[4] Yet, the cases cited by the court involved either long periods of incarceration as conditions of probation[5] or a long prison sentence imposed after violation and revocation of probation[6] and none dealt with the true split sentence alternative.
The objections raised to long periods of incarceration as conditions of probation are (1) that these periods are punitive in nature which conflict with the rehabilitative purpose of probation and (2) that trial courts should not be able to divest the Parole Board of its exclusive authority to parole a prisoner.[7] While these are certainly *484 valid complaints against incarceration as a condition of probation, as Justice McDonald points out in his concurring opinion in Villery, they are not valid as applied to incarceration imposed as the first half of a true split sentence. While lengthy incarceration may be adverse to the rehabilitative purpose of probation, we note that the objective of the true split sentence was never rehabilitative. On the contrary, it was a method by which a judge could continue supervision over a defendant after the completion of his imprisonment.[8] Although it is argued that incarceration as a condition of probation divests the Parole Commission of its authority, prisoners who are serving time in jail under a true split sentence are eligible for parole just as any other prisoner.[9]
Additionally, the problems of simultaneous parole and probation to which the Villery opinion refers do not occur in a true split sentence situation.[10] If a prisoner is sentenced to five years' incarceration to be followed by five years of probation, he can be paroled after one year in jail, remaining on parole for four more years and then begin serving his five years of probation.
Be that as it may, the supreme court has determined to treat both forms of penalty in the same fashion. We must now look at the court's instruction for correcting an illegal "split sentence." In this regard Chief Justice Sundberg said:
Accordingly, one who has been given a split sentence probation contrary to the mandate of this decision is entitled upon application to have the illegal order corrected. In correcting the order, the trial court has the option either of modifying the order to make it legal or of withdrawing it and imposing a sentence of imprisonment. However, unless a condition of probation is determined to have been violated, the court may not extend the terms of probation either with or without incarceration, nor may the court impose a sentence of imprisonment for a period of time in excess of the original total term of probation. If a condition of probation is found to have been violated, the court may modify or continue the probation or may revoke the probation and impose any sentence which it might originally have imposed before placing the defendant on probation. See § 948.06, Fla. Stat. (1979). In modifying probation or in revoking probation and sentencing the probationer, credit must be given for time spent incarcerated pursuant to a split sentence probation order. Thus in modifying a probation order, no additional period of incarceration may be imposed on a probationer who has already served one year or more of incarceration.
396 So.2d at 1111-12.
The quoted language allows a court faced with what would now be an illegal split *485 sentence (both the true split sentence and that of incarceration as a condition of probation) two alternatives to correct the sentence where there is no violation of probation involved. It may either modify the illegal sentence or withdraw it entirely and impose a sentence of imprisonment. If the alternative of "modifying" is elected, the court may not impose any additional incarceration on a prisoner who has served one year or more of incarceration. Thus, if the court chooses to modify the sentence of a defendant who has been placed on probation for ten years with a condition of incarceration for five of those ten years and who has served at least one year, the most that can be done will be to specify the remainder of the term as probation since the maximum jail time will have already been served. Likewise, the sentence of a defendant who received five years in prison followed by five years' probation and who has already served more than a year can only be modified to the extent that it shall order his release from prison and state the length of time he will be required to remain on probation.[11] However, the trial court does have the alternative of selecting the other option, that of withdrawing the previous order altogether and imposing a sentence of imprisonment without any probation to follow. Thus, whether in the case of a true split sentence or that of probation preceded by a period of incarceration, the court may withdraw the previous action entirely and sentence the defendant to be incarcerated for a period of time not to exceed the total of the original sentence of incarceration and probation combined with credit for time already spent in jail.
In this case, appellant was sentenced to five years' imprisonment to be followed by five years of probation. He has already served three years in jail under that sentence. Because this sentence is illegal under Villery and because Villery is deemed to be retroactive, we affirm appellant's conviction but remand to the lower court so that it may correct appellant's sentence. In correcting his sentence, the trial court may now modify it to provide that all or any portion of the remainder of the sentence shall be probation or it may withdraw the original sentence and now sentence appellant to be incarcerated for up to ten years with credit for time served.
SCHEB, C.J., and GRIMES, J., concur.
NOTES
[1] See State v. Jones, 327 So.2d 18 (Fla. 1976).
[2] Section 948.01(4), Florida Statutes (1979):

Whenever punishment by imprisonment for a misdemeanor or a felony, except for a capital felony, is prescribed, the court, in its discretion, may, at the time of sentencing, direct the defendant to be placed on probation upon completion of any specified period of such sentence. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant, and direct that the defendant be placed upon probation after serving such period as may be imposed by the court.
[3] "Section 948.03(1), Florida Statutes (1979), lists the terms and conditions of probation which may be imposed on a defendant. Section 948.03(2), Florida Statutes (1979), states that the enumeration of the terms and conditions in subsection (1) does not prevent the imposition of other conditions the court may consider proper. One of these other possible conditions includes incarceration as provided in section 948.01(4), Florida Statutes (1979): ..." 396 So.2d at 1109.
[4] "The harsh effects of extended probation terms of incarceration have been noted with concern on a number of occasions by the district courts of appeal." 396 So.2d at 1111. See, e.g., Olcott v. State, 378 So.2d 303 (Fla.2d DCA 1979); Shead v. State, 367 So.2d 264 (Fla.3d DCA 1979); Freeman v. State, 329 So.2d 413 (Fla. 4th DCA 1976).
[5] Olcott v. State, 378 So.2d 303 (Fla.2d DCA 1979); Shead v. State, 367 So.2d 264 (Fla.3d DCA 1979).
[6] Freeman v. State, 329 So.2d 413 (Fla. 4th DCA 1976). Notably, the original sentence in Freeman, which imposed probation with a condition of six months' incarceration, was labeled a "split sentence probation alternative." Id. at 414. See State v. Jones, 327 So.2d 18 (Fla. 1976).
[7] "Although a short jail or prison sentence may be imposed as a condition of probation if reasonably related to a rehabilitative purpose, State v. Jones, 327 So.2d 18 (Fla. 1976), it is doubtful whether a lengthy prison term, as here, can stand as a probationary condition when its primary, if not exclusive purpose is to punish the defendant. See Kominsky v. State, 330 So.2d 800 (Fla. 1st DCA 1976). Moreover, it is further doubtful whether a trial court by this device can divest the Parole Board of its exclusive authority to parole a defendant on a prison sentence." Shead v. State, 367 So.2d 264, 267-68 (Fla.3d DCA 1979). "Nevertheless, a long prison term seems to be contrary to the spirit of probation and may be employed simply as a device to get around what is conceived to be a liberal policy on early parole. [Footnote omitted.]" Olcott v. State, 378 So.2d 303, 305 (Fla.2d DCA 1979).
[8] See 396 So.2d at 1112-13 (McDonald, J., concurring in result only).
[9] Apparently, the Florida Parole and Probation Commission does not consider for parole any person imprisoned under a condition of probation. See Olcott v. State, 378 So.2d 303, 304 (Fla.2d DCA 1979).
[10] The section of the opinion which deals with the simultaneous problem reads as follows:

"For example, if a prisoner were released on parole for an offense for which he was still on probation, and the defendant were charged with a violation of his parole and probation, would the Parole and Probation Commission be required to stay any hearing for revocation of parole until the trial court decided whether to revoke probation? Could the same incident be used to revoke parole when it was not deemed serious enough to revoke probation? Which condition would control if the parole and probation conditions were inconsistent? Would a prisoner's eligibility for parole be based on his total period of probation or on only the part for which incarceration was imposed? We can only conclude that the legislature did not address these significant questions because it never contemplated the concurrent operation of parole and probation for the same offense." 396 So.2d at 1111.
[11] In essence then the only time that an illegal sentence under Villery can actually be modified to reflect a legal sentence is if the modification is done prior to the time the defendant has served one year in jail. The court may modify at anytime, but if modified after the defendant has served at least a year in jail, the modified sentence will never truly reflect a legal sentence as determined by Villery.