PER CURIAM.
Appellant seeks review of a judgment of conviction and sentence for the offense of robbery with a firearm, alleging that he was erroneously denied classification as a youthful offender pursuant to Chapter 958, Florida Statutes. We agree that appellant was entitled to youthful offender classification.
Classification as a youthful offender is mandatory when a juvenile meets the requirements of § 958.04(1) and (2).[1] Goodson v. State, 392 So.2d 1335 (Fla. 1st DCA 1980). Although appellant had previously been placed on probation by the juvenile court for an offense which would have been a felony if committed by an adult, § 958.-04(2)(b) disqualifies the offender from mandatory youthful offender classification only when the juvenile has been adjudicated delinquent for an offense which would be a first degree, or more serious, felony if committed by an adult. The present case involves a prior offense of a lesser degree, and § 958.04(2)(b) is thus inapplicable. While § 958.04(2)(a) requires also that the offender has “not previously been found guilty of a felony” without qualification as to degree, we conclude that this provision clearly does not refer to proceedings in juvenile court because to so construe it would render § 958.04(2)(b) entirely superfluous, a nullity. In addition, the provision must be read in the context of a statutory scheme which differentiates juvenile offenses from criminal convictions generally for felonies or misdemeanors. § 39.10(4), Florida Statutes.
*1341 Since appellant has “not previously been found guilty of a felony” as that term is used in the statute to refer to trial as an adult, and has not been adjudicated delinquent in juvenile proceedings for an offense which would be a first degree, or more serious, felony if committed by an adult, and since appellant otherwise qualifies for Chapter 958 youthful offender classification, he should have been so classified and sentenced pursuant to Chapter 958. See Goodson v. State, supra. The sentence imposed is accordingly reversed and the cause remanded for resentencing.
SHAW and WENTWORTH, JJ„ and WILLIAM C. OWEN, Jr. (Ret.), Associate Judge, concur.

. 958.04 Eligibility for youthful offender; classification.—
(1) The court may classify as a youthful offender any person:
(a) Who is at least 18 years of age or who has been transferred for prosecution to the criminal division of the circuit court pursuant to chapter 39;
(b) Who is found guilty of or who has tendered, and the court has accepted, a plea of nolo contendere or guilty to a crime which is, under the laws of this state, a felony of the first, second, or third degree if such crime was committed before the defendant’s 21st birthday; and
(c)Who has not previously been classified a youthful offender under the provisions of this act; however, no person who has been found guilty of a capital or life felony may be classified a youthful offender under this act.
(2) A person shall be classified a youthful offender if such person meets the criteria of subsection (1) and such person:
(a) Has not previously been found guilty of a felony whether or not the adjudication of guilt has been withheld; or
(b) Has not been adjudicated delinquent for an act which would be a capital, life, or first degree felony if committed by an adult.