405 So.2d 436 (1981)
Russell Dale WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. YY-447.
District Court of Appeal of Florida, First District.
October 8, 1981.
Rehearing Denied November 20, 1981.
*437 Carl S. McGinnes, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant Williams asserts error in the imposition of his 15-year sentence for second degree murder, to be suspended after 10 years' incarceration and completed by 5 years' probation. He also contends the trial court erred in failing to sentence him pursuant to Chapter 958, Florida Statutes, the Youthful Offender Act. We find merit in both points and reverse for resentencing accordingly.
The state concedes the split sentence imposed in this case does not meet the requirements of Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981), that incarceration as a condition of probation shall be limited to a period of less than one year. Appellant is incorrect, however, in his further assertion of entitlement to a 10-year maximum incarceration upon resentencing. The Villery opinion states the restraint to be only that the court may not "impose a sentence of imprisonment for a period of time in excess of the original total term of probation." That language, in the circumstances before the court, clearly refers to the entire term previously imposed, including the conditional period of incarceration. The maximum sentence in this case is therefore a total term of 15 years, or such greater sentence as may be imposed for proper reasons articulated by the court, excluding retaliatory or vindictive motivation, in accordance with North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). See also, Cunningham v. State, 385 So.2d 721 (Fla.3d DCA 1980); Russell v. State, 386 So.2d 285 (Fla. 4th DCA 1980); and Olcott v. State, 378 So.2d 303 (Fla.2d DCA 1979).
With respect to appellant's status as a youthful offender, there is no dispute that he was under 21 years of age and met the criteria of § 958.04(2), Florida Statutes, as to absence of specified previous convictions. But the state contends that the offense of second degree murder under § 782.04(2), Florida Statutes, to which appellant pled nolo contendere, is not "a crime which is, under the laws of this state, a felony of the first ... degree" [emphasis supplied] within the terms of § 958.04(1)(b). The terminology in question is defined by § 775.082(3), Florida Statutes, to include a felony which is punishable, "when specifically provided by statute, by imprisonment for a term of years not exceeding life imprisonment." Section 782.04(2), Florida Statutes, provides appellant's offense of second degree murder "shall constitute a felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in § 775.082... ." [emphasis supplied] In view of that language and the provision of § 775.021(2) applying Chapter 775 definitions to "offenses defined by other statutes," we conclude that second degree murder under § 782.04(2) may not, as the state contends, be classified a life *438 felony, beyond the purview of Chapter 982, because it may be punished by life imprisonment. Instead, the precisely stated classification of "life felony," in existence at the time Chapter 982 was adopted, was contained in § 775.082(3), Florida Statutes, limiting that class of felonies to those for which one may be punished as follows: "For a life felony, by a term of imprisonment for life or for a term of years not less than 30." [e.s.] No such minimum penalty has been prescribed for second degree murder, which instead falls within the class of first degree felony and is expressly so designated by § 782.04(2).
We conclude accordingly that the authorization of imprisonment for "a term of years not exceeding life" under § 782.04(2) does not reasonably support classification of the offense as a life felony for Chapter 958 purposes, contrary to the express provision that the offense "shall constitute a felony of the first degree." We also note that the general classification section of Chapter 775 includes as a "felony of the first degree" an offense which "when specifically provided by statute [is punishable] by imprisonment for a term of years not exceeding life... ." Section 775.082(3)(b), Florida Statutes. As above noted, the latter statute limits life felonies to those having a penalty of "a term of years not less than 30," which is not true for appellant's offense of second degree murder under § 775.082(3)(b). That offense is accordingly not excluded by the clear language of the youthful offender law but instead is within its explicit terms requiring such classification for one otherwise qualified whose offense "is, under the laws of this state, a felony of the first ... degree... ." § 958.04(1)(b) and (2). Goodson v. State, 392 So.2d 1335 (Fla. 1st DCA 1980); Blue v. State, 402 So.2d 1339, (Fla. 1st DCA 1981). Accord Stancil v. State, (Fla.2d DCA, 1981), FLW 128; Dade County v. Goldstein, 384 So.2d 183 (Fla.2d DCA 1980).
The sentence appealed is therefore reversed and the cause remanded for resentencing in accordance herewith.
ERVIN and JOANOS, JJ., concur.