OTT, Judge.
Appellant challenges his conviction for aggravated battery and the sentence of three years’ imprisonment, two years’ probation and a $250 fine.
We find no merit in appellant’s first contention that it was error for the lower court to accept a nolo contendere plea without first determining whether there was a factual basis for that plea. Failure of a trial judge to establish, on the record, the factual basis for a plea does not require that the plea be set aside unless manifest injustice results. Williams v. State, 316 So.2d 267 (Fla.1975). There is no indication from either the record or the arguments on this appeal that Noles was prejudiced in any manner which would justify vacating his plea.
In regard to appellant’s second contention, we agree that his sentence violates the rule enunciated in Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla.1981). In Villery, the Florida Supreme Court held that a period of incarceration followed by probation imposed either as a condition of probation or under a true split sentence as authorized by section 948.01(4), Florida Statutes (1979), cannot equal or exceed one year in either instance. As noted in our recent opinion of Lewis v. State, 402 So.2d 482 (Fla.2d DCA 1981), this gives the trial judge the option of either modifying the illegal sentence to provide that all or any portion of the remainder of the sentence shall be probation or withdrawing the original sentence and then resentencing defendant to incarceration for whatever time his offense may provide, less credit for time served. Here, the trial judge would have the option of releasing Noles on probation for the remainder of the term or resentencing him to five years in prison, less credit for time served.
Since our decision in Lewis was written subsequent to the filing of Noles’ appeal and there is the possibility that he could be resentenced to a lengthier period of incarceration, we prefer to let him raise this issue with the trial court by proper motion.
Therefore, the decision below is AFFIRMED, without prejudice to appellant to seek resentencing under Villery in a motion filed in the trial court pursuant to Florida Rule of Criminal Procedure 3.850.
BOARDMAN, A. C. J., and OTT and RYDER, JJ., concur.