PER CURIAM.
There is no showing in the record that the court abused its discretion in denying defendant’s oral motion for continuance of the trial. Magill v. State, 386 So.2d 1188 (Fla.1980); Lyles v. State, 312 So.2d 495 (Fla. 1st DCA 1975); Fla.R.Crim.P. 3.190(g).
Appellant’s split sentence of four years of imprisonment followed by four years of probation is invalid, Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla.1981), but upon remand for correcting the sentence, the court may, as one of its options, withdraw the sentence altogether and impose a new sentence not to exceed eight years imprisonment (with credit for time served). Flynn v. State, (Fla. 1st DCA 1981) (case no. AE-15, opinion filed October 30, 1981); Alexander v. State, 402 So.2d 485 (Fla. 2d DCA 1981); Lewis v. State, 402 So.2d 482 (Fla. 2d DCA 1981). In light of this construction placed on Villery, supra, which could result in the imposition of a lengthier prison sentence, the appellant may wish to decline correction of his sentence.
The conviction under review is affirmed; the sentence under review is reversed and the cause is remanded to the trial court for resentencing unless the defendant withdraws his request for resentencing, in which event the sentence under review shall stand affirmed.