THOMPSON, Judge.
The appellant contends in part that his sentencing by a substitute judge was improper in the absence of any showing of necessity therefor, and that he was improperly adjudicated guilty of twc counts of aggravated assault. We agree that the trial judge erred in these respects and reverse.
Appellant was tried by Judge Wayne M. Carlisle on an information charging one count of attempted robbery, one count of aggravated assault, one count of aggravated battery, one count of burglary, and one count of possession of a firearm by a convicted felon. He was sentenced by Judge R. A. Green, Jr., on one count of attempted robbery, two counts of aggravated battery, and one count of possession of a firearm by a convicted felon.
There is merit in appellant’s contention that he was improperly sentenced by Judge Green instead of by Judge Carlisle, who conducted the trial. The record reflects no unusual or exigent circumstances necessitating sentencing by anyone other than the trial judge. Accordingly, we reverse and remand for resentencing under the guidelines set forth in Lawley v. State, 377 So.2d 824 (Fla. 1st DCA 1979). The court also improperly sentenced the appellant on two counts of aggravated battery instead of one count of aggravated assault and one count of aggravated battery. At resentencing, the trial judge should correct these errors in the judgment and sentence and should determine how much, if any, credit the appellant should receive for jail time served prior to sentencing.
It is also contended that the trial judge erred in respect to certain evidentiary rulings and in finding that the aggravated assault and aggravated battery committed by the appellant were not category IV lesser included offenses of the attempted robbery. Although proof of an assault is a necessary element of proof of the attempted robbery charge, the appellant in this case was guilty of two additional separate and distinct assaults against the victim and his wife. These additional distinct assaults are a proper basis for the aggravated assault and aggravated battery convictions and sentences and do not, under the circumstances of this case, constitute lesser included offenses of the attempted robbery. We find no error in the evidentiary rulings of the trial court.
Affirmed in part, and reversed and remanded with instructions.
MILLS and WENTWORTH, JJ., concur.