411 So.2d 1384 (1982)
Charles F. BEECH, Appellant,
v.
STATE of Florida, Appellee.
Fred PENDLEY, Appellant,
v.
STATE of Florida, Appellee.
Nos. AE-337, AE-338.
District Court of Appeal of Florida, First District.
April 7, 1982.
Michael Allen, Public Defender, and Steven L. Bolotin, Asst. Public Defender, Tallahassee, for appellants.
Jim Smith, Atty. Gen., Tallahassee, and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
THOMPSON, Judge.
This is a consolidated appeal from sentences corrected pursuant to Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981). The appellants *1385 Beech and Pendley contend that the trial court erred in resentencing them to increased terms of imprisonment which did not exceed the total term of imprisonment and probation to which they were originally sentenced. We affirm.
Appellant Pendley was convicted of the sale and delivery of cocaine and given a true split sentence of 15 years with 10 years imprisonment to be followed by five years on probation. After Villery, Pendley filed a motion for correction of sentence and he was resentenced to 12 years in prison less credit for time served.
Appellant Beech pled nolo contendere to a charge of lewd and lascivious assault on an 11-year-old child. Sentencing was deferred, Beech was declared to be a mentally disordered sex offender, and was committed to the Department of Health and Rehabilitative Services (HRS) for evaluation and treatment. After Beech was discharged from the custody of HRS, the court sentenced him to six years imprisonment to be followed by six years probation or a total of 12 years. On his motion to correct the judgment and sentence pursuant to Villery, the court sentenced Beech to serve 12 years in prison with credit for time served.
Both appellants contend that they received a more severe sentence when their original sentence was corrected and that under North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), a more severe sentence cannot be imposed on resentencing unless there was misconduct on the part of the appellants occurring after the original sentence which would justify increasing their penalties. There is no evidence in the record of such misconduct by either appellant.
We have no hesitation in the case of appellant Pendley. Although his term of imprisonment was increased from 10 to 12 years less credit for time served, his five-years term of probation was vacated. We cannot say as a matter of law that such a sentence is more severe than the original sentence. Therefore, Pearce is not applicable.
The case of appellant Beech presents a far more difficult question. His original term of six years imprisonment followed by six years probation was replaced with a 12-year term of imprisonment. It is difficult to comprehend how a sentence which replaces the total term of incarceration and probation with an equal term of imprisonment is not a more severe sentence subject to Pearce limitations. However, in Villery our supreme court authorized the trial court upon resentencing to impose any sentence of imprisonment that did not exceed the total period of incarceration and probation originally given. Gomez v. State, 409 So.2d 1096 (Fla. 3d DCA 1982) [1982 FLW 314]; Williams v. State, 405 So.2d 436 (Fla. 1st DCA 1981); and Lewis v. State, 402 So.2d 482 (Fla. 2d DCA 1981). Neither of the sentences of the appellants in this case exceed the total term of incarceration and probation originally imposed. In view of the fact that Pearce was decided prior to our supreme court's decision in Villery, we can only assume that it took the limitations set forth in Pearce into consideration in reaching its decision as to the total term that could be imposed by the court on resentencing, and that it determined that any sentence for a period of time not exceeding the total of the period of incarceration and probation originally imposed meets both state and federal constitutional requirements. We therefore affirm the sentence of the appellant Beech.
Because of the conflicts and obvious doubt statewide at both the trial and appellate level as to correct limitations and principles to be applied when correcting a voidable sentence prohibited by Villery, and because of the importance of uniform and correct resentencing, we certify as questions of great public importance the following:
1. In correcting a voidable sentence, is the maximum sentence that can be imposed imprisonment for a period of time not exceeding the total of the imprisonment and probation originally imposed? If not, what is the maximum sentence?
*1386 2. If the sentence imposed is imprisonment for a period of time not exceeding the total time of the imprisonment and probation originally imposed, can such sentence violate the prohibitions of Pearce?
3. If compliance with Pearce is required under the circumstances set forth in 2. above, at what point does a sentence of imprisonment that replaces a sentence of a combination of imprisonment and probation become a more severe sentence subject to the limitations of Pearce?
JOANOS and WIGGINTON, JJ., concur.