FERGUSON, Judge.
This appeal is from a sentence corrected pursuant to Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla.1981). Appellant was originally placed on five years probation with a special condition that he serve three years imprisonment. On his motion to correct sentence the trial court vacated the probation and sentenced the defendant to five years imprisonment.
Appellant contends that the resentence constitutes greater punishment than was originally imposed and is therefore unconstitutional; that any interpretation of the Villery decision to sanction a harsher resen-tence is contrary to the limitations set out in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (to assure the absence of vindictiveness on the part of the judge against defendant for having successfully attacked his first conviction, whenever a judge imposes a more severe sentence after a new trial, he must affirmatively state the reasons and facts upon which such increased sentence is based)..
In Villery, supra, the supreme court authorized the trial court, upon corrective re-sentencing, to impose any sentence of imprisonment that did not exceed the total period of incarceration and probation originally given, unless a condition of probation had been violated. This rule has been restated in several Florida cases. Gomez v. State, 409 So.2d 1096 (Fla. 3d DCA 1982). Williams v. State, 405 So.2d 436 (Fla. 1st DCA 1981); Lewis v. State, 402 So.2d 482 (Fla. 2d DCA 1981). We must assume the court has already determined as a matter of law that a sentence, as corrected herein, is not a proscribed increase of sentence in violation of the constitutional guaranty against double jeopardy. Beech v. State, 411 So.2d 1384 (Fla. 1st DCA 1982) (question certified).
Affirmed.