414 So.2d 1079 (1982)
Donald Lee ADAMS, Appellant,
v.
STATE of Florida, Appellee.
No. ZZ-435.
District Court of Appeal of Florida, First District.
March 15, 1982.
On Certification May 26, 1982.
*1080 Michael E. Allen, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Miguel A. Olivella, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant entered a plea of guilty to one count of burglary of a dwelling. The trial court adjudged appellant guilty and placed him on 15 years probation with a special condition of probation that the first two years were to be served in prison. Subsequently, appellant filed a motion to correct sentence, arguing that his probationary sentence was illegal under Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1980). At the hearing on appellant's motion, all parties agreed that, if the motion were granted, the trial court had the authority to impose any sentence which it could have lawfully imposed at the original sentencing hearing. The motion was then granted, and the trial court imposed a sentence of ten years in prison.
On appeal, appellant argues the trial court erred in imposing a more severe sentence after having vacated the previously imposed probationary order. We find appellant's argument to be without merit. In Villery, supra, the Florida Supreme Court stated that, in correcting an illegal order, the trial court has the option of withdrawing the order and imposing a sentence of imprisonment not to exceed the period of time of the original total term of probation. The ten-year term of imprisonment imposed here does not violate Villery.
We also reject appellant's contention that his sentence is unconstitutional under North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), in that it imposed a more severe sentence without affirmatively explicating the new factual material forming the basis of the sentence. Pearce is inapplicable to this case because appellant's resentence of ten years does not exceed the entire term of fifteen years previously imposed. Williams v. State, 405 So.2d 436, 437 (Fla. 1st DCA 1981); see Lewis v. State, 402 So.2d 482 (Fla. 2d DCA 1981); Noles v. State, 407 So.2d 370 (Fla. 2d DCA 1981); Joyce v. State, 404 So.2d 850 (Fla. 4th DCA 1981).
BOOTH and WENTWORTH, JJ., concur.
SHAW, J., dissents in part and concurs in part with written opinion.
SHAW, Judge, concurring in part and dissenting in part.
I concur with the majority that the ten year term of imprisonment imposed in this instance does not violate Villery. However, I disagree with the conclusion that Pearce is inapplicable "because appellant's resentence of ten years does not exceed the entire term of fifteen years previously imposed." In my opinion, the ten year term of imprisonment is eminently more severe than a sentence of fifteen years' probation with a special condition of that probation being that the first two years shall be served in prison. I believe that the judge imposed a more severe sentence after the appellant's successful attack upon the illegal probationary order, and I therefore conclude that the Pearce rationale is applicable.
I place no significance upon the fact that Pearce dealt with resentencing after a new trial as opposed to resentencing after setting aside an illegal probationary order. In either instance there is the possibility of vindictiveness against the defendant for having successfully attacked the initial conviction or sentence. The absence of such motive is what Pearce seeks to assure by requiring that whenever a judge imposes a more severe sentence upon a defendant after a new trial resulting from the defendant's successful attack upon his first conviction, his reasons must affirmatively appear and must be based upon objective information concerning identifiable conduct occurring *1081 after the time of the original sentencing proceeding. Neither the record nor the judge's order gives a reason for the imposition of what I perceive as a more severe sentence. I would therefore reverse and remand the cause to the trial judge with directions that the factual data upon which he based the increased sentence be made part of the record so that the constitutional legitimacy of the increased sentence might be fully reviewed on appeal. This result would be in keeping with the spirit of Pearce.

ON AMENDED REQUEST FOR CERTIFICATION
PER CURIAM.
Appellant's amended request for certification is granted. We certify as questions of great public importance the following:
1. In correcting a voidable sentence, is the maximum sentence that can be imposed imprisonment for a period of time not exceeding the total of the period of imprisonment and probation originally imposed? If not, what is the maximum sentence?
2. If the corrected sentence imposed is imprisonment for a period of time not exceeding the total time of the imprisonment and probation originally imposed, can such sentence violate the prohibitions of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)?
3. If compliance with Pearce is required under the circumstances set forth in 2. above, at what point does a sentence of imprisonment that replaces a sentence of a combination of imprisonment and probation become a more severe sentence subject to the limitations of Pearce?

The foregoing are the same questions certified in Beech and Pendley v. State, 411 So.2d 1384 (Fla. 1st DCA 1982).
BOOTH, SHAW and WENTWORTH, JJ., concur.