SCHWARTZ, Judge.
We again reject the claim that a sentence involving a longer period of imprisonment which is imposed as a result of a motion filed by the defendant to correct the original sentence under Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla.1981) runs afoul of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Willis v. State, 413 So.2d 1290 (Fla. 3d DCA 1982).
It may also be observed that seeking Vil-/ery-related relief is always a matter of voluntary choice, with the possible consequences of that action fully and previously known to the movant. In this case, moreover, the trial court both specifically informed Williams what the corrected sentence would be and afforded him the opportunity, which he rejected, to withdraw the Villery motion if he wished to do so. Thus, both as a general rule and in this specific instance, an appellate consideration of the Pearce claim would seem to be barred by the doctrine of invited error. 3 Fla.Jur.2d Appellate Review § 294 (1978).
Affirmed.