418 So.2d 1123 (1982)
John H. LOWERY, Appellant,
v.
STATE of Florida, Appellee.
Nos. 81-1095, 81-1108.
District Court of Appeal of Florida, Fifth District.
August 11, 1982.
Rehearing Denied September 10, 1982.
James B. Gibson, Public Defender, Michael S. Becker, Asst. Public Defender, and Leonard R. Ross, Certified Legal Intern, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
Appellant was sentenced to 25 years, split 15 years incarceration to be followed by 10 years probation. He successfully attacked his sentence on the basis of Villery v. Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981), and was resentenced to a straight 25 years incarceration. On appeal he claims his resentencing is illegal under North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). This question was first raised in the dissent in Lauxman v. State, 402 So.2d 432 (Fla. 5th DCA 1981), but since then has been decided many times against appellant's contention. See Willis v. State, 413 So.2d 1290 (Fla. 3d DCA 1982); Adams v. State, 414 So.2d 1079 (Fla. 1st DCA 1982), question certified, 414 So.2d 1079 at 1081 (Fla. 1st DCA May 26, 1982) [1982 FLW 1109]; Jackson v. State, 412 So.2d 384 (Fla. 5th DCA 1982); Beech v. State, 411 So.2d 1384 (Fla. 1st DCA 1982); Noles v. State, 407 So.2d 370 (Fla. 2d DCA 1981); Williams v. State, 405 So.2d 436, 437 (Fla. 1st DCA 1981); Joyce v. State, 404 So.2d 850 (Fla. 4th DCA *1124 1981); Lewis v. State, 402 So.2d 482 (Fla. 2d DCA 1981).
Likewise, the point that the informations charging Lowery with robbery did not set forth the element of mental intent  that Lowery intended to permanently deprive the possessor of the property taken  required by Bell v. State, 394 So.2d 979 (Fla. 1981), and were therefore fundamentally defective (see, e.g., Gray v. State, 404 So.2d 388 (Fla. 5th DCA 1981)), has been resolved against Lowery on the basis that, by the use of the word "steal" such informations incompletely allege all the necessary elements of larceny. See Green v. State, 414 So.2d 1171 (Fla. 5th DCA 1982).
AFFIRMED.
ORFINGER, C.J., and SHARP, J., concur.