HOBSON, Acting Chief Judge.
Austin Lee Alexander appeals a resen-tence order, severer than the original sentence order, which he contends deprives him of liberty without due process of law because the judge failed to adhere to a strict resentencing requirement established by the United States Supreme Court in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). We affirm because 1) Pearce is inapplicable; and 2) the reasons enunciated by the judge for the harsher sentence indicate that the order does not violate appellant’s right to due process.
In 1980, a trial judge sentenced appellant on an aggravated battery conviction[1] to a “true” split sentence of five years imprisonment to be followed by five years probation. In 1981, appellant, relying on the retroactive effect of Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla.1981), filed a Rule 3.850 motion to vacate or correct the illegal sentence. A different trial judge, however, summarily denied the motion. Undaunted, appellant filed another Rule 3.850 motion and appealed to this court from the denial of the original motion. In Alexander v. State, 402 So.2d 485 (Fla. 2d DCA 1981), we remanded to the trial court for a correction of the sentence with instructions that it could resentence him to a prison term not to exceed the original, combined ten-year term of incarceration and probation, with credit for time served. See Lewis v. State, 402 So.2d 482 (Fla. 2d DCA 1981).
Before we had rendered the above decision on appellant’s first appeal, the judge who had originally sentenced appellant conducted a hearing on the second Rule 3.850 motion. At the hearing he indicated to him that he agreed that the motion should be granted but advised him that if he granted it he intended to resentence him to seven and one-half years imprisonment. He explained to him that a prison term shorter than seven and one-half years would be “too lenient” since the victim of the battery had been badly cut and the elimination of the probation portion of the original sentence would nullify a probation condition that he pay the victim’s medical bills, which exceeded five thousand dollars. Nevertheless, appellant stated that he wished to proceed with the motion. The judge thereupon granted the motion and vacated the illegal sentence. However, before he could pronounce a new sentence, appellant’s attorney reminded him of Pearce.
In Pearce, the respondent had been tried, convicted and sentenced to a term in prison. After the reversal of his conviction several years later, he was retried, reconvicted and resentenced to a prison term which, when added to the time he had already spent in prison, exceeded the term of the original sentence. The sentencing judge justified this harsher sentence solely on the ground that it was within the state’s power. The United States Supreme Court ruled that a judge who imposes a harsher sentence after a defendant has been retried and reconvict-ed must affirmatively state his reasons for doing so. Those reasons, it emphasized, must be based upon objective facts concerning identifiable conduct on the defendant’s part which occurred after the original sentencing proceeding. It added that imposing a severer sentence merely because it is within the state’s power will not suffice. Since the sentencing judge had refused to specify to the federal district court his reasons for imposing the severer sentence, the Court reversed the respondent’s sentence.
Appellant and the judge then engaged in the following conversation at the hearing:
THE COURT: Mr. Alexander, I’ve considered North Carolina v. Pearce; it’s an opinion of the United States Supreme Court. It seems to say that a judge may not give a higher sentence after a defend *27 ant has won a reversal; in short, that a judge may not punish the man for standing up for his rights.
MR. ALEXANDER: (Nods head affirmatively.)
THE COURT: And I agree with that opinion from the United States Supreme Court. It is not my intention here to punish you for standing up for your rights, and I am not imposing sentence here for any activity which might have occurred after I imposed your sentence.
I think you know, and everybody in this room knows, that I’m a county judge, elected as such. I sit as circuit judge only on appointment from my chief judge, and I sit as circuit judge rather seldom. And it is even more seldom that it becomes my duty to impose sentence in a criminal case. Therefore, when I do impose a sentence in a criminal case, I give it a lot of thought.
And in your case, I gave it a lot of thought. The sentence that I imposed I thought was fair. I thought it was fair to you, I thought it was fair to society, and I thought it was at least close to being fair to the man that you stabbed.
MR. ALEXANDER. Yes, sir.
THE COURT: You could have received fifteen years in the state prison. Your record would have justified fifteen years in the state prison, but I didn’t give you that. I gave you five years in the state prison. I followed that up with a period of probation because I wanted to give you the opportunity to prove to society that you were not the sort of person that could — that needed to be in prison.
MR. ALEXANDER. Yes, sir.
THE COURT: That you were a good member of society or could become one. I also put that probationary period on the sentence so that you would at least pay the hospital bills of the man that you stabbed, and the hospital bills were substantial.
MR. ALEXANDER: (Nods head affirmatively.)
THE COURT: I thought that was fair to him. I’m not criticizing you for filing this Motion to Vacate the Sentence, nor am I criticizing the Florida Supreme Court for the Villery decision. If I thought at that time that I could not impose probation and I could not give you the chance to prove that you were a good member of society, if I thought that I could not require you to pay that man for the medical bills caused by your stabbing him, then I would have given you seven- and-a-half years state prison. (Emphasis added) (R 68-70)
Though without jurisdiction because of the pending appeal, the judge then rendered what he believed to be a valid order, sentencing appellant with credit to seven and one-half years incarceration. Following his appeal from this invalid order, we temporarily relinquished jurisdiction and the judge entered a valid nunc pro tunc order sentencing him with credit to seven and one-half years imprisonment.
Appellant concedes on amended appeal that the severer sentence complies with a resentencing option provided for in Villery, 396 So.2d at 1112. See also Lewis, 402 So.2d at 485. However, he argues that the implementation of this resentencing option violated his right to due process because the judge failed to point to objective facts concerning identifiable conduct on his part which occurred subsequent to the original sentencing proceeding. Interestingly, he does not contend that the severer sentence resulted from a retaliatory motivation on the judge’s part. Stated appellant’s counsel in the brief:
Appellant’s sentence violates Pearce because he is unarguably “worse off” than before . . . This is not to say that Judge Maloney’s sentence was motivated by vindictiveness or ill will against Appellant, but it is nonetheless an illegal sentence. (Emphasis added) Appellant’s Brief at 8-9.
We are troubled that appellant exalts form (the requirement that the judge state reasons for a severer sentence) over substance (a vindictive motivation on the judge’s part). The Court in Pearce never held that a harsher sentence constitutes a per se vio *28 lation of due process. It stressed that two purposes underlie the strict resentencing requirement: first, to ensure the absence of a retaliatory motivation on the judge’s part after the defendant has successfully challenged a conviction; and, second, to free a defendant from the apprehension that a sentencing judge may impose a harsher sentence if he exercises the right to appeal or collaterally attack a conviction. Pearce, 395 U.S. at 727, 89 S.Ct. at 2089. See Michigan v. Payne, 412 U.S. 47, 51-52, 93 S.Ct. 1966, 1968-69, 36 L.Ed.2d 736 (1973). Explained the Court in Chaffin v. Stynchcombe, 412 U.S. 17, 25, 29, 93 S.Ct. 1977, 1982, 1984, 36 L.Ed.2d 714 (1973);
[Pearce] ... was premised on the apparent need to guard against vindictiveness in the resentencing process. Pearce was not written with a view to protecting against the mere possibility that, once the slate is wiped clean and the prosecution begins anew, a fresh sentence may be higher for some valid reason associated with the need for flexibility and discretion in the sentencing process.
jf: jfc "k ^ * *
Subsequent cases have dispelled any doubt that Pearce was premised on the hazard of vindictiveness ... Moon v. Maryland, 398 U.S. 319 [90 S.Ct. 1730, 26 L.Ed.2d 262] ... (1970) ... Colten v. Kentucky, 407 U.S. 104 [92 S.Ct. 1953, 32 L.Ed.2d 584] . .. (1972).

[T]he Court [in Pearce] intimated no doubt about the constitutional validity of higher sentences in the absence of vindictiveness despite whatever deterrent effect they might have on the right to appeal.
Although appellant values form over substance, we do not hold Pearce inapplicable for this reason. Instead, we hold Pearce inapplicable because the Court intended that the stringent prophylactic requirement should apply only when a judge pronounces a severer sentence after a new trial, not when a jüdge imposes a severer sentence after a vacation of an illegal sentence or illegal probationary order. See Nelson v. Lefkowitz, 428 F.Supp. 660 (S.D.N.Y.1977). Indeed, the Court in Pearce opened its opinion by framing the legal question presented as follows:
When at the behest of the defendant a criminal conviction has been set aside and a new trial ordered, to what extent does the Constitution limit the imposition of a harsher sentence after conviction upon retrial? (Emphasis added)
395 U.S. at 713, 89 S.Ct. at 2074. The Court was chiefly concerned with ensuring every defendant' an unfettered right to a fair trial. Here, we presume appellant’s first trial was fair. On his initial appeal he was exclusively concerned with the illegality of the original sentence order. On this appeal he is exclusively concerned with the legality of the resentence order.
Despite the inapplicability of Pearce,[2] we recognize that it is patently unconstitutional for an agent of the state to penalize a person for relying on his legal rights. See Bordenkircher v. Hayes, 434 U.S. 357, 363, 98 S.Ct. 663, 667, 54 L.Ed.2d 604 (1978). Thus, we hold that due process prohibits a judge from imposing a harsher sentence after a defendant has successfully overturned a sentence if a retaliatory motivation plays any part in his decision. To deter vindictiveness, a judge who imposes a severer sentence after a successful attack on a sentence must affirmatively state objective reasons for the harsher sentence. In contrast to Pearce, those reasons need not be based solely upon facts concerning identifiable conduct of the defendant which occurred subsequent to the original sentencing proceeding. However, a judge should not impose a severer sentence solely on the *29 ground that it is equal to or within the statutory maximum and complies with the common law.[3] An outline in the record of the judge’s reasons for imposing a severer sentence will aid us, where necessary, in determining whether a vindictive motivation infected the judge’s discretion at the resentencing proceeding.
In the case at bar, we are convinced that a vindictive motivation played absolutely no part in the resentence order. A review of the judge’s rationale for imposing the severer sentence so indicates. The judge pointed out that appellant had severely cut the victim. Also, he noted that with the abolition of the probation portion of the original sentence appellant would no longer be required to pay the victim’s extensive medical expenses. Further, he indicated that appellant had a poor criminal history. However, the dispositive element is the statement in appellant’s brief, supra, which conveys the impression that he does not believe that vindictiveness influenced the resentencing judge’s decision. See Moon v. Maryland, 398 U.S. 319, 320-21, 90 S.Ct. 1730, 1730-31, 26 L.Ed.2d 262 (1970).
Accordingly, the order resentencing appellant to seven and one-half years imprisonment for aggravated battery is affirmed.
AFFIRMED.
SCHEB and CAMPBELL, JJ., concur.

. The maximum sentence for the offense of aggravated battery is 15 years. See § 775.082, Fla.Stat. (1977).

. In Olcott v. State, 378 So.2d 303 (Fla. 2d DCA 1979), we reversed an order which placed appellant on probation for 15 years on condition that he serve 6 years in prison. We remanded with directions that the trial court could impose any punishment which it could have originally imposed, subject to the restrictions of Pearce. Today we necessarily recede from the proviso in Olcott that resentencing is subject to the strict resentencing standard enunciated in Pearce.

. In Adams v. State, 414 So.2d 1079 (Fla. 1st DCA 1982) (two-one decision) (question certified), the court faced the same argument we deal with today. See also Lowery v. State, 418 So.2d 1123 (Fla. 5th DCA, 1982); Williams v. State, 417 So.2d 780 (Fla. 3d DCA, 1982); Willis v. State, 413 So.2d 1290 (Fla. 3d DCA 1982); Beech v. State, 411 So.2d 1384 (Fla. 1st DCA 1982) (question certified). In Adams, appellant had been sentenced to 15 years probation on condition that he serve the first two years in prison. Subsequent to Vil-lery, he was resentenced to 10 years in prison. The sentencing judge did not state any objective reasons for the new sentence. The majority ruled that the resentence did not violate Villery and held Pearce inapplicable because the resentence of 10 years did not exceed the original sentence of 15 years. The third Adams judge, though concurring that the resentence did not violate Villery, perceived it as severer than the first. Concluding that Pearce was therefore applicable, he suggested that the sentence be reversed and the cause remanded so that the judge could state his reasons for imposing the harsher sentence.
We believe that in the instant case the resen-tence, though in compliance with Villery and within the statutory maximum, is severer than the original in that appellant must now serve a longer term of imprisonment. Thus, we do not endorse the Adams majority’s rationale for holding Pearce inapplicable and require that the judge not justify a severer sentence on the sole ground that it complies with statutory and common law.