PER CURIAM.
This is an appeal from sentences entered pursuant to the mandate of this court in Johnson v. State, 409 So.2d 1158 (Fla. 1st DCA 1982).
Following a jury trial before Judge Wayne M. Carlisle, appellant was convicted of attempted robbery with a firearm, aggravated battery, aggravated assault, and possession of a firearm by a convicted felon. Subsequently, Judge R.A. Green, Jr., sentenced appellant to five years on each count, all to run consecutively.[1] Appellant appealed those convictions and sentences, and this court affirmed the convictions but remanded for resentencing because there was no showing of necessity for the substitution of Judge Green at the sentencing phase. See Lawley v. State, 377 So.2d 824 (Fla. 1st DCA 1979). Pursuant to the mandate of this court, appellant appeared before Judge Carlisle and was resentenced by him to 15 years for the attempted robbery with a firearm, 15 years for the aggravated battery, five years for the aggravated assault and five years for possession of a weapon by a convicted felon, again all to run consecutively. Because the cumulative sentence imposed on remand is greater than the cumulative sentence originally imposed, appellant argues that the resentencing violated the due process requirements discussed in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). We agree.
In Pearce, the United States Supreme Court held that due process requires that a defendant be free of apprehension that exercise of his right to appeal will result in vindictiveness if the appeal leads to resentencing.[2] Therefore, a more severe sentence may be imposed only when there is
objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.
Id. 395 U.S. at 726, 89 S.Ct. at 2081.
The state argues that the record in this case conclusively demonstrates that vindictiveness played no part in the imposition of the stricter sentence because, at the resentencing hearing, Judge Carlisle stated that he recalled the circumstances surrounding the commission of the crimes. This argument ignores the narrow holding in Pearce, quoted above, which specifically limits the imposition of a more severe sentence to situations involving misconduct on the part of the defendant subsequent to the original sentencing. The reason for the narrow holding is alluded to in footnote 10 of the opinion, noting that it would be impossible to prove in such cases that, in spite of the stated reasons, vindictiveness in fact played a part in the decision to impose a more severe sentence. Because there is no indication that the more severe sentence *1136 is warranted due to any misconduct on the part of appellant, the case must once again be remanded for resentencing.
By successfully challenging the original sentence, appellant presumably hoped to receive a less severe sentence on remand. However, since it is clear that Judge Car-lisle has already reconsidered the case and would not impose a less severe sentence, the case is remanded with instructions to reduce the sentences to the total number of years originally imposed by Judge Green.
SHIVERS, WENTWORTH and JOA-NOS, JJ., concur.

. Instead of sentencing appellant on one count of battery and one count of assault, Judge Green imposed two counts of battery. This error was corrected by Judge Carlisle on remand.

. Pearce referred to cases in which convictions were overturned on appeal and new trials re-suited In reconviction. That the rationale in Pearce applies when only a sentence, rather than the conviction, is reversed is well settled. See Durham v. State, 304 So.2d 146 (Fla. 3d DCA 1974); Williams v. State, 405 So.2d 436 (Fla. 1st DCA 1981).