LARRY G. SMITH, Judge.
Appellant appeals from an adjudication of guilty, pursuant to a jury verdict, and the imposition of a five year sentence for the offense of possession of more than 20 grams of marijuana. Appellant challenges the sufficiency of the evidence, and argues that the sentence was imposed in violation of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). We find no error in the submission of the case to the jury and therefore affirm the conviction. However, we find it necessary to reverse and remand for re-sentencing. Only the latter issue merits further discussion.
Appellant was arrested while hacking with a knife at the base of some marijuana plants growing in a marijuana field behind his house. Following the denial of his motion to suppress, appellant pled nolo conten-dere reserving the right to appeal the denial of his motion. The day after his plea was accepted, appellant moved to withdraw the plea on the grounds that he had just discovered that the marijuana was planted by his ex-wife as part of a plan to obtain custody of their children. The trial judge denied this motion, and sentenced appellant to 18 months in prison. At the sentencing hearing, appellant told the trial court that he had “made an error.” He stated further: “Your Honor, I wasn’t aware of the quantity it would produce. I’m not familiar with that kind of thing. I’ve never done it before. I swear, as God is my witness, I was killing those plants when they found me.... I didn’t intend to kill them all but I had no intention of ever harvesting that quantity of marijuana.”
On appeal, appellant’s conviction and sentence were reversed because the trial court had failed to comply with Florida Rules of Criminal Procedure 3.170(j) and 3.172 in accepting appellant’s plea. Hyde v. State, 405 So.2d 445 (Fla. 1st DCA 1983). Following remand, appellant received a jury trial during which he testified that he had discovered the plants growing on his land about five weeks prior to his arrest. He testified that he wasn’t sure what the plants were, so he cut some down and took them to his house to see if he could determine if they were marijuana or not. The day he was arrested, he had decided that the plants were in fact marijuana, and had *1079 determined to kill them, leaving the root systems intact so as not to contribute to soil erosion. At the trial appellant also called his ex-wife as a character witness to testify as to his good reputation for truthfulness and veracity. The jury declined to accept appellant’s story, and found him guilty as charged.
At sentencing, the trial judge said, in part:
I’m not saying the [first] sentence was bargained at. It obviously was not. Because the Court was urged to impose a higher sentence in thé first instance. The Court would not do so, thought 18 months was the appropriate sentence at that time and there was a possibility of rehabilitation. The Court has no way of knowing whether you’re speaking the truth as far as the future is concerned. You had everything at stake at the time you committed this act that you have at stake now, except for the addition of a wife, I presume. But, if anybody has ever played the game out to the last hand, you have, Mr. Hyde ....
North Carolina v. Pearce, supra, requires that whenever a trial judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear, and “[t]hose reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.” 395 U.S. 725, 89 S.Ct. at 2080. We must review the record to determine whether those requirements have been fully met.
At the original sentencing proceeding, the trial judge made it clear that considering appellant’s background, education and station in life, together with the gravity of the offense, a severe sentence would be justified. Nevertheless, the judge was motivated to forego a more severe sentence because of appellant’s favorable prospect for rehabilitation, as to which the judge at that time was no doubt optimistic. It appears that appellant’s admission of guilt and repentant demeanor could well have been considered by the court as the first step toward rehabilitation. Cf. Bizzigotti v. Florida Parole and Probation Commission, 410 So.2d 1360 (Fla. 1st DCA 1982), particularly page 1364, footnote 11; Roberts v. United States, 445 U.S. 552, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980). However, as pointed out by the State at the second sentencing hearing, appellant at his trial appears to have given testimony inconsistent with his admission of guilt at the initial sentencing hearing.
We know of no reason why the trial judge should not be entitled to take into consideration appellant’s change of position, which could well be viewed as even more reprehensible because it was under oath before a jury of his peers. See, United States v. Grayson, 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978). This state of affairs could be considered, it seems to us, as throwing a “new light upon the defendant’s ‘life, health, habits, conduct, and mental and moral propensities ...,’” Pearce at 723, 89 S.Ct. at 2079, subsequent to imposition of the first sentence, so as to justify a more severe second sentence. In other words, it is conceivable that appellant’s trial conduct, viewed in the light of his earlier repentance and confession of error by means of which he secured the leniency of the court, could satisfy the requirement of “identifiable conduct” justifying a more severe sentence. North Carolina v. Pearce, supra.
Further examination of the record convinces us however, that this case cannot be disposed of by simply accepting the State’s argument that justification for the more severe sentence affirmatively appears from the record. We note, first, that the trial judge failed to articulate with sufficient clarity his reason for imposition of the more severe sentence. While we do not consider the Judge’s comment that appellant “played the game” as evidence of a vindictive attitude, neither can we say that it referred to actions by appellant justifying a heavier sentence, since the fact that appellant succeeded in having his sentence set aside, and that he proceeded to trial, cannot be held against him. More importantly, we note *1080 that although the trial judge here was aware of and did consider North Carolina v. Pearce, he was nevertheless persuaded, largely on the basis of the Second District’s decision in Alexander v. State, 422 So.2d 25 (Fla. 2nd DCA 1982), that Pearce was inapplicable. The trial court’s reliance upon Alexander was misplaced, because the court in that case made it clear that its opinion that Pearce was inapplicable was based upon the premise that the Pearce restriction applied only “when a judge pronounces a severer sentence after a new trial, not when a judge imposes a severer sentence after a vacation of an illegal sentence or illegal probationary order.” Id. at 28. But see, Johnson v. State, 426 So.2d 1134, 1135 n. 2 (Fla. 1st DCA 1983) (well settled that rationale of Pearce applies where sentence only is reversed.) Here, the resentencing followed a new trial.
Our conclusion that the sentencing proceeding below was fatally flawed is reinforced by a statement of the trial court that it was “as if it was imposing this sentence in the first instance .... ” This obviously cannot be reconciled with the requirements of Pearce. Since appellant is entitled to have his new sentence determined in accordance with the dictates of Pearce, the sentence of five years is set aside, and it is ordered that appellant be caused to appear before the trial court for resentencing at the earliest practical date. The trial court shall either re-impose a sentence of eighteen months, or spell out for the record the identifiable conduct on the part of appellant occurring after the original sentence that justifies an increased sentence.
REVERSED and REMANDED for further proceedings consistent with this opinion.
JOANOS and NIMMONS, JJ., concur.