360 So.2d 774 (1978)
Joseph P. D'ALESSANDRO, Etc., Petitioner,
v.
John H. SHEARER, Jr., Etc., Respondent.
In re Jerry CROOKS, Case No. 77-466CF.
Joseph P. D'ALESSANDRO, Etc., Petitioner,
v.
John H. SHEARER, Jr., etc., Respondent.
In Re William OPITZ, Case No. 77-183CF.
Nos. 53124, 53143.
Supreme Court of Florida.
June 30, 1978.
Joseph P. D'Alessandro, State's Atty., in pro per.
Louis S. St. Laurent, Chief Asst. State's Atty., and Patricia A. Kerwin, Asst. State's Atty., Fort Myers, for petitioner.
John H. Shearer, Jr., in pro per.
BOYD, Justice.
The State Attorney for the Twentieth Judicial Circuit petitioned this Court for an *775 alternative writ of mandamus to compel the Honorable John Shearer, Lee County Circuit Judge, to perform his legal duty under Section 775.087(2), Florida Statutes. We issued the writ and have received the Judge's response. We have concluded that a final writ should be issued.
The statute requires that any person convicted of certain enumerated criminal offenses, among them robbery, and who had a firearm in his possession at the time of the crime, "shall be sentenced to a minimum term of imprisonment of three calendar years ... adjudication of guilt or imposition of sentence shall not be suspended, deferred or withheld, nor shall the defendant be eligible for parole or statutory gain-time ... prior to serving [the] minimum sentence." Section 775.087(2)(b), Florida Statutes. In two cases before Judge Shearer, State v. Crooks and State v. Opitz, the defendants, charged with robbery with a firearm, pleaded guilty as charged. The record shows that Judge Shearer refused to order the mandatory minimum sentences because he believed them to be unconstitutional, despite awareness of our decision upholding the statute against constitutional attack. See Sowell v. State, 342 So.2d 969 (Fla. 1977).
In the return and accompanying brief, Judge Shearer defends his inaction with the explanation that he believes he has performed his duty under the statute since he sentenced both defendants to five-year terms of imprisonment. The orders of judgment and sentence bear out that the five-year sentences were imposed. We give Judge Shearer the benefit of the doubt as to his intention. Still, the orders do not recite that the defendants are subject to the mandatory minimum sentence of three years imprisonment. Without such a recitation the authorities will not be on notice that the case calls for service in prison of a minimum of three years. And, even if they received notice by other means, without a judicial order it would be questionable whether minimum service was required. This cause is remanded to respondent with directions to vacate the prior sentences and impose sentences requiring three years of imprisonment on each defendant before possible eligibility for release, as provided in Section 775.087(2), Florida Statutes.
It is so ordered.
OVERTON, C.J., and ENGLAND, HATCHETT and ALDERMAN, JJ., concur.