386 So.2d 293 (1980)
STATE of Florida, Appellant,
v.
Carnell SESLER, Appellee.
No. 80-319.
District Court of Appeal of Florida, Second District.
July 23, 1980.
Jim Smith, Atty. Gen., Tallahassee, and Michael Kotler, Asst. Atty. Gen., Tampa, for appellant.
Jack O. Johnson, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Bartow, for appellee.
SCHEB, Chief Judge.
The state contends that the trial court erred in refusing to impose the mandatory three-year minimum sentence upon Sesler under Section 775.087(2), Florida Statutes (1979). We agree.
In September of 1979, the state charged Sesler with aggravated battery. A jury *294 found him guilty of aggravated assault with a firearm, a lesser-included offense of aggravated battery. The court withheld adjudication and ordered a presentence investigation. At the sentencing hearing, the state requested that the court sentence Sesler pursuant to Section 775.087(2). The court declined, explaining that because the victim had been partially at fault, it would be a "miscarriage of justice" to imprison Sesler for three years. The court then placed Sesler on five years probation. The court erred because Section 775.087(2) clearly requires a trial court to sentence a defendant convicted of aggravated assault with a firearm to a minimum of three years in prison. See D'Alessandro v. Shearer, 360 So.2d 774 (Fla. 1978); State v. Opitz, 357 So.2d 469 (Fla.2d DCA 1978).
While we recognize the problems inherent in the uniform imposition of a minimum sentence, this area is a matter of legislative prerogative and is nondiscretionary. Accordingly, we have no alternative but to remand to the trial court with directions to vacate the prior sentence and impose sentence as required by Section 775.087(2), Florida Statutes (1979).
BOARDMAN and GRIMES, JJ., concur.