438 So.2d 160 (1983)
STATE of Florida, Petitioner,
v.
Samuel Henry MUOIO, Respondent.
No. 83-1231.
District Court of Appeal of Florida, Second District.
September 21, 1983.
*161 Jim Smith, Atty. Gen., Tallahassee, and William E. Taylor, Asst. Atty. Gen., Tampa, for petitioner.
John Hugh Shannon, Lakeland, for respondent.
BOARDMAN, Acting Chief Judge.
The state petitions for writ of certiorari to review the circuit court's affirmance of the county court's order imposing community service upon respondent Samuel Henry Muoio in lieu of the mandatory fine prescribed for second offenders under section 316.193(2), Florida Statutes (1982 Supp.).[1] *162 The state contends the trial court was not authorized to substitute community service for the statutorily required fine. We agree and grant the writ of certiorari.
After pleading guilty to driving under the influence of alcoholic beverages (DUI), in violation of section 316.193(1)(a), respondent, who previously had been convicted of DUI, was sentenced to work twenty-five days for the Polk County Alternative Community Services (PCACS).
Respondent's prior conviction and the mandatory minimum fine and jail term were brought to the trial court's attention at the time respondent entered his guilty plea. Although the court acknowledged the mandatory nature of the fine, it chose to impose community service work time upon respondent in light of Muoio's limited income and announced inability to pay a $500 fine except through installment payments of $25-30 each week.
Accordingly, the trial court sentenced respondent to thirty days in jail plus four months probation under the supervision of PCACS, with the conditions that he perform uncompensated work for twenty-five days and pay costs of twenty dollars per month. The probationary period was later extended by three months at respondent's request.
Meanwhile, the state appealed to the circuit court, which ultimately (on May 6, 1983) affirmed on the ground that the county court had determined that respondent was indigent and unable to pay the minimum fine. The circuit court concluded that "where there is no possibility of performance, that is to say, to pay the fine with the `coin of the realm' the trial court had the inherent power to cause the fine to be paid with goods and services." Petitioner then filed the instant petition for certiorari, to which respondent was requested to and did file a response. At some point before the response was filed, respondent successfully completed his probation.[2]
Section 316.193(2) provides that a person convicted of a violation of subsection (1) "shall be punished" as provided therein, and section 322.281, Florida Statutes (1982 Supp.), provides that "[n]otwithstanding the provisions of s. 948.01," which permits placement of a defendant on probation, "no court shall suspend, defer, or withhold ... imposition of sentence for any violation of s. 316.193" (emphasis supplied). It is clear that the legislature intended no deviation from the prescribed punishment for this offense. It is also clear that the legislature was cognizant at the time it passed the 1982 amendment to section 316.193 of the possibility of requiring a defendant to perform community service work as a part of his/her sentence, since it imposed such a requirement for first offenders under this section. § 316.193(4)(a).
In support of our decision reached here, we mention the case of State v. Gibson, 353 So.2d 670 (Fla. 2d DCA 1978), wherein we held that the sentencing requirements of section 775.087(2), Florida Statutes (1975)[3] *163 were mandatory and could not be circumvented. Accord D'Alessandro v. Shearer, 360 So.2d 774 (Fla. 1978). See also Tascano v. State, 393 So.2d 540 (Fla. 1981) (holding that the word "shall" in the rule of criminal procedure concerning jury instructions makes it mandatory that the trial court give the instruction on maximum and minimum penalties); Pridgen v. City of Auburndale, 430 So.2d 967 (Fla. 2d DCA 1983) (holding illegal, inter alia, the placement of a violator of a city ordinance on probation where the city code authorized fines and jail terms but did not authorize placing a defendant on probation).
All statutory references to community service work, such as those found in section 316.193(4)(a), section 775.091, Florida Statutes (1981), and section 948.031, Florida Statutes (1981), indicate that such service is to be considered either as an extra sanction or as an additional condition of probation and not as a substitute for some other type of punishment. Moreover, we know of no case law which suggests that a court has inherent authority to replace a mandatory fine with a term of community service work.
Respondent argues that the requirement of community service was proper because he was indigent and could not pay the fine. In support of this assertion, respondent cites Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), and Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), cases involving the unconstitutionality of subjecting a defendant to imprisonment solely because of his indigency. Respondent's reliance on Williams and Tate is misplaced since no jail time or prison sentence was imposed on him due to his indigency and since he did not challenge the alternative afforded to him by the trial court.
In fact, Williams and Tate suggest an alternative solution to the problem here which the trial court could and should have utilized and which respondent himself requested. That option was to allow respondent to make weekly or monthly payments until the fine was paid in full rather than to require immediate payment of the full amount of the fine. Nothing in section 316.193 precludes such an arrangement.
Because other defendants may not have the ability to avail themselves of the option of paying their fines on the installment plan, we take this opportunity to urge the legislature to reconsider the sentencing provisions of section 316.193 with the objective of devising one or more alternatives to payment of the fine by indigents. As noted in Williams, the lack of alternatives to fines for indigents could "amount to inverse discrimination since it would enable an indigent to avoid both the fine and [punishment] for nonpayment whereas other defendants must always suffer one or the other conviction." 399 U.S. at 244, 90 S.Ct. at 2024.
Our holding that a trial judge may not substitute community service for the minimum mandatory fine imposed by section 316.193 creates a double jeopardy problem in the instant case. Respondent has already worked for twenty-five days doing community service work without compensation. Assuming he worked eight hours on each of those days and that his services are valued at the current minimum wage of $3.35 per hour, he has performed services worth $670. Under these circumstances to order him to pay the $500 fine would be, in effect, to require him to pay the fine twice. The Fifth Amendment to the United States Constitution prohibits such a result. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
Therefore, our decision reached here is prospective only and is not to be construed *164 as requiring respondent to pay the fine in question.
Accordingly, we grant the writ of certiorari and quash the circuit court's opinion upholding the propriety of allowing an indigent to perform community service work in lieu of paying the minimum mandatory fine required by section 316.193, Florida Statutes (1982 Supp.).
DANAHY and LEHAN, JJ., concur.
NOTES
[1] Section 316.193(2) provides as follows:

Any person who is convicted of a violation of subsection (1) shall be punished:
(a) By a fine of:
... .
2. Not less than $500 or more than $1,000 for a second conviction
... .; and
(b) By imprisonment for:
... .
2. Not more than 9 months for a second conviction.
Section 316.193(4) further provides:
With respect to any person convicted of a violation of subsection (1), regardless of any penalty imposed pursuant to subsection (2):
... .
(b) For the second conviction within a period of 3 years from the date of a prior conviction for violation of this section, the court shall order imprisonment for not less than 10 days.
[2] It could be argued that this case is moot inasmuch as respondent has completed his probation. However, we believe that the challenged ruling here is "capable of repetition, yet evading review," so that the mootness doctrine does not apply. Sosna v. Iowa, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). When, as here, the challenged action is of too short a duration to be fully litigated prior to its cessation or expiration and there is a reasonable expectation that the same complaining party will be subjected to the same action again, review will be allowed. Weinstein v. Bradford, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975).
[3] Section 775.087(2) provides as follows:

(2) Any person who is convicted of any murder, sexual battery, robbery, burglary, arson, aggravated assault, aggravated battery, kidnapping, escape, breaking and entering with intent to commit a felony, or aircraft piracy, or any attempt to commit the aforementioned crimes, and who had in his possession a "firearm," as defined in subsection 790.001(6), or "destructive device," as defined in subsection 790.001(4), shall be sentenced to a minimum term of imprisonment of 3 years. Notwithstanding the provisions of s. 948.01, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall the defendant be eligible for parole, prior to serving such minimum sentence.