PER CURIAM.
We reverse the trial court’s order setting aside the appellant’s sentence and remand with directions that the original sentencing order be reinstated.
Months after placing the appellant on probation the trial court, upon motion of the state, set aside the order of probation and sentenced the appellant to a term of imprisonment upon a determination that the appellant had misrepresented her prior record at the previous sentencing hearing. Such action has been held to be a violation of a defendant’s federal and state constitutional rights not to twice be placed in jeopardy of punishment for the same offense. Katz v. State, 335 So.2d 608 (Fla. 2d DCA 1976). The state contends that the defendant here waived her double jeopardy rights during the initial sentencing. Our review of the record, however, fails to reflect such a waiver by appellant. Rather, the record reflects that appellant’s participation in the discussion between the court and counsel was limited to an affirmation of counsel’s response to an inquiry about restitution in a previous case in New Jersey. The record is also far from clear that the appellant herself either intended any misrepresentation about her prior record, or understood that her failure to furnish more detailed and precise information could result in a harsher sentence. We simply find an inadequate evidentiary basis to support a waiver of appellant’s double jeopardy rights.
ANSTEAD, GLICKSTEIN and STONE, JJ., concur.