500 So.2d 732 (1987)
Kent A. VAN BUREN, Petitioner,
v.
STATE of Florida, Respondent.
No. 86-2255.
District Court of Appeal of Florida, Second District.
January 9, 1987.
*733 Robert E. Jagger, Public Defender and Madelyn M. Skene, Asst. Public Defender, Clearwater, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for respondent.
CAMPBELL, Judge.
Kent Van Buren petitions this court for a writ of certiorari to review an appellate decision of the circuit court affirming his conviction and jail sentence for driving under the influence of alcohol. Because we believe that the circuit court's opinion represents a departure from the essential requirements of law, we grant the petition.
On December 2, 1985, Van Buren entered a plea of no contest to the DUI charge. Although Van Buren had a prior Wisconsin conviction for this same offense, neither the prosecutor nor the trial court made any mention of this prior conviction at the time of the plea. In fact, the prosecutor advised the court that Van Buren was a first offender, and the court imposed sentence accordingly: a six month suspension of Van Buren's license, a $500.00 fine, eight months probation, and fifty hours community service. Then on December 18 the state, apparently having discovered the Wisconsin conviction in the interim, filed a "motion to correct illegal sentence," arguing that because of the prior conviction the trial court was required to sentence Van Buren to jail. Over Van Buren's objection the court vacated the original sentence and complied with the state's request by adding a ten-day jail sentence and increasing the fine to $625.00. On appeal the circuit court held that the sentence as initially imposed "was less than that mandated by the Florida legislature and was illegal [and] beyond the jurisdiction of the trial court." Thus the county court "had the right and duty to resentence."
*734 We agree with the state that efforts to correct unlawfully lenient sentences are not per se violative of double jeopardy proscriptions. Historically, the pronouncement of sentence has never carried the finality that attaches to an acquittal. United States v. DiFrancesco, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). Double jeopardy arises only when efforts are undertaken to increase a sentence which was legal when originally imposed. Llerena v. United States, 508 F.2d 78 (5th Cir.1975). There exists an obligation to correct a sentence to comply with applicable statutory provisions, even if the service of the original sentence has already begun and the sentence as corrected would be more onerous. Llerena. For example, in State v. Sesler, 386 So.2d 293 (Fla.2d DCA 1980), we entertained an appeal by the state from a sentence of probation imposed for the offense of aggravated assault with a firearm, in violation of section 775.087 Florida Statutes (1979), which requires a three-year prison sentence for certain felonies involving the use of guns. Similarly, section 316.193(4) Florida Statutes (1985) provides mandatory minimum jail sentences for repeat offenders. In State v. Muoio, 438 So.2d 160 (Fla.2d DCA 1983), we held that a trial court has no discretion to undercut these provisions (in Muoio, by waiving the requirement the accused pay a fine).
Nevertheless, we are compelled to grant Van Buren's petition because, unlike the sentence imposed in Sesler, the sentence in the present case is not illegal on its face, and unlike the situation in Muoio there was no objection to the sentence as imposed and no timely appeal by the state. Van Buren's sentence is "illegal" only in light of what was made known to the trial court well after the fact. The fact remains that, at sentencing, the state made no effort to demonstrate that the recidivist provisions of the DUI statute were applicable. Neither did the state request a continuance of sentencing in order to ascertain Van Buren's prior record. We hold that, in a prosecution for driving under the influence of alcohol, upon conviction it is the state's burden to demonstrate that the defendant has prior convictions for the same offense. If the trial court refuses to follow the statute the state may attempt to remedy the error by appeal. But where the state is unable to show a prior record either through simple inability to do so or, as was apparently the case here, through negligence or oversight, and the court proceeds to sentence the defendant as a first offender, the state should not be permitted another opportunity to increase that sentence once it has been imposed even where the result is an undeserved windfall. This position is consistent both with Meehan v. State, 397 So.2d 1214 (Fla. 2d DCA 1981), which holds that a defendant may not be compelled to account for prior convictions for purposes of the Habitual Offender statute, and with ethical considerations dealing with a lawyer's duty to maintain the confidences of his client.
One additional aspect of this case merits comment. There is a suggestion from the record that defense counsel advised the trial court this was "not a jail case." It is not clear whether counsel, when making that representation, actually was aware of the Wisconsin conviction, and counsel was not asked in so many words whether Van Buren had a prior record. In its opinion the circuit court correctly observed that "counsel did not have an affirmative ethical obligation to advise the trial court ... of [Van Buren's] previous DUI conviction," though the court then went on to observe that candor on counsel's part "would have better served [Van Buren] and avoided the obvious disappointment... of resentencing." Like the circuit court, we do not infer from this that counsel intentionally misled the court. Furthermore, while our code of ethics disapproves misrepresentations of law or fact by counsel or collusion by counsel in fraud perpetrated by a client, see Fla.Bar Code Prof.Resp., D.R. 7-102(A)(4), 7-102(A)(5), 7-102(B)(1), double jeopardy bars the increase of a lawful sentence even though such actions may have influenced the court to impose an unjustifiably lenient sentence. *735 Troupe v. Rowe, 283 So.2d 857 (Fla. 1973); Doe v. State, 492 So.2d 842 (Fla. 1st DCA 1986); Katz v. State, 335 So.2d 608 (Fla. 2d DCA 1976). Whatever obligations an attorney may have to rectify the falsehoods of his client or to avoid perpetrating falsehoods himself, the threshold question posed by this case is where the initial burden of proof lies.
The petition for writ of certiorari is granted. We quash the decision of the circuit court and remand this case to the county court with directions to reinstate the original sentence.
GRIMES, A.C.J., and SCHOONOVER, J., concur.