# STATE OF FLORIDA v McLEOD

## Appellate Case No. 86-1703 (County Court Case No. 056907 MT)

Thirteenth Judicial Circuit, Hillsborough County

November 9, 1987

### APPEARANCES OF COUNSEL

**Bill James,** State Attorney, for the appellant.

**Hiram R. McLeod,** pro se.

### OPINION OF THE COURT

MANUEL MENENDEZ, JR., Circuit Judge.

Defendant-Appellee, Hiram R. McLeod (hereafter the Defendant) was charged with driving while under the influence of alcoholic beverages. The defendant subsequently entered a plea of "no contest". Prior to sentencing, defendant's counsel asked the trial court to consider waiving any community service requirements as part of the defendant's sentence. In support of this request, counsel noted that the defendant was an elderly individual (age 78) who cared for a sickly and elderly wife (she was an 80 year old who had recently undergone

bypass surgery). Under these circumstances, defendant's counsel urged the trial court to exercise its discretion and for humanitarian reasons waive any community service work requirement. The Plaintiff-Appellant, State of Florida (hereafter the State) objected. Over the State's objection the trial court opted to temper justice with mercy and compassion and did not impose any community service work requirement as part of its sentence. The State again objected and then pursued this appeal. No appearance was made on appeal or behalf of the Defendant.

Fla. Stat. § 316.193 (1985) in setting out the penalties for driving while under the influence of alcoholic beverages provides in pertinent part that the court "shall order the defendant to participate in public service or a community work project for a minimum of 50 hours". Fla. Stat. § 316.656(1) (1985) provides in pertinent part that "no court may suspend, defer, or withhold adjudication of guilty or imposition of sentence for any violation of s. 316.193. . . ."

In an analogous situation the Second District Court of Appeal in *State v. Muoio,* 438 So.2d 160 (Fla. 2d DCA 1983) held that the trial court, in a driving while under the influence case, could not impose community service in lieu of a minimum mandatory fine. Since the legislature had mandated a minimum mandatory fine, the trial court was required to impose it.

The determination of maximum and minimum penalties lies within the legislative prerogative. *Dorminey v. State,* 314 So.2d 134, 136 (Fla. 1975). The minimum mandatory provisions of section 316.193 cannot be said to be, on their face, cruel and unusual, accordingly they must be imposed. *See Sowell v. State,* 342 So.2d 969 (Fla. 1977); *State v. Muoio, supra.* Therefore, it would appear that the trial court herein was bound to impose a "public service or . . . community work project" requirement as part of defendant's sentence. In failing to do so, the court erred, albeit with good intentions. The case is hereby remanded for resentencing consistent with this opinion.

RECORDED this 9th day of November, 1987.