521 So.2d 344 (1988)
Verel T. WESTOVER, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1865.
District Court of Appeal of Florida, Second District.
March 9, 1988.
*345 Mina Morgan, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lauren Hafner Sewell, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Westover alleges that the trial court illegally enhanced his sentence at a second resentencing hearing held after remand from this court. We agree and reverse.
On February 7, 1986, this court affirmed Westover's convictions for first degree arson, burning to defraud, and insurance fraud but reversed the trial court's imposition of probation. We remanded the case solely for resentencing because the trial court had previously departed downward from the recommended guidelines sentence without providing written reasons.[1]
On April 25, 1986, Westover appeared at the resentencing hearing pursuant to this court's mandate. The trial court once again departed and orally sentenced Westover to fifteen years probation, ordering him to pay $17,000 restitution. Without Westover being present, the trial court unilaterally entered an order on May 16, 1986, sentencing Westover to thirty years probation on the arson charge and five years probation on the other two offenses, all terms to run concurrently.[2] Westover moved for correction or modification of probation. The trial court denied the motion at a hearing on May 26, 1986, restating its May 16 sentence.
An increase in a lawful sentence is expressly prohibited grounded upon the double jeopardy clause of the fifth amendment to the United States Constitution. Troupe v. Rowe, 283 So.2d 857 (Fla. 1973). Once a defendant begins to serve his sentence, the trial court has no authority to impose a harsher sentence. Daniels v. State, 513 So.2d 244 (Fla. 2d DCA 1987); Hinton v. State, 446 So.2d 712 (Fla. 2d DCA 1984).
The trial court's action in increasing its previously imposed lawful sentence of fifteen years probation to thirty years probation violated Westover's constitutional right against double jeopardy. Daniels; Hinton.
Accordingly, we reverse Westover's thirty year sentence of probation and remand this case with instructions that the trial *346 court resentence Westover to the fifteen-year probationary term originally set.
RYDER, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] Westover v. State, 482 So.2d 599 (Fla. 2d DCA 1986).
[2] This order also set forth written reasons for departure in compliance with this court's instructions on remand; that aspect of the order is not before us in this appeal.