## BELGER v STATE OF FLORIDA

Case No. 90-12AC (Lower Court Case No. 88-12593MM)

*Seventeenth Judicial Circuit, Broward County*

*March 20, 1991*

44

APPEARANCES OF COUNSEL

**Fred Haddad, Esquire,** for appellant.

**Joel Silverstein,** Assistant State Attorney, for appellee.

Before ROBERT J. FOGAN, Circuit Judge.

## OPINION OF THE COURT

THIS CAUSE comes before the Court upon the appeal of a conviction entered against Appellant, Stephen J. Belger, who was charged with the offense of Driving Under the Influence on May 18, 1988. On June 30, 1988, Appellant, without the benefit of counsel, entered a plea nolo contendere to the DUI charge before Judge Morton Abram. The Court then adjudicated Appellant guilty of the DUI charge and sentenced him to nine (9) months probation, nine (9) months drivers license suspension, seven hundred fifty dollar ($750) fine, fifty (50) hours of community service and completion of the Court Alcohol/Substance Abuse Program.

In September 1989, Appellant, through his attorney, moved to have the plea set aside on the grounds that it was unconstitutional due to an ineffective waiver of counsel. The Court subsequently vacated the original sentence. Thereafter, Appellant entered into an open plea before Judge Linda Pratt on December 12, 1989. At that juncture, the State advised the Court that Appellant had two prior DUI convictions from 1985 in Texas, and a pending DUI charge in front of Judge Wright.

On February 23, 1990, Appellant was sentenced to a penalty more severe than the original sentence imposed before Judge Abram. This required Appellant to satisfy his sentence through the DUI work release program.

On February 16, 1990, in a hearing held before Judge Pratt, the Court concluded that Appellant would be sentenced to the increased penalty of a minimum mandatory for a third offense unless defendant could provide caselaw which would require imposition of the original sentence.

Appellant has appealed to this Court requesting that his conviction be reversed or in the alternative that the original sentence be reinstated.

Appellant first claims that the sentence imposed by Judge Pratt subsequent to his original plea being set aside and vacated, violated his constitutional rights against double jeopardy. *See Troupe v Rowe,* 283 So.2d 857 (Fla. 1973). This position is without basis.

As a general rule, the constitutional guarantee against double jeopardy does not restrict the general power of a judge to impose upon

**45**

reconviction a longer sentence than defendant originally received after the original conviction has, at defendant's behest, been wholly nullified so that the slate has been wiped clean. *North Carolina v Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The law clearly states that when a defendant withdraws or successfully challenges a plea, he is then exposed to all of the consequences which the plea originally sought to avoid. *Fairweather v State,* 505 So.2d 653, 654 (2d DCA 1987). Furthermore, a withdrawal of a plea of guilty will bring the case back to the point as if the plea had never been entered *ab initio. Bell v State,* 262 So.2d 244, 245 (4th DCA 1972). This subjects the defendant to the risk of receiving a harsher plea and provides the State with the opportunity to reinstate charges against the defendant, including those which were nolle prossed. *Mitchell v State,* 521 So.2d 185, 187 (4th DCA 1988); *Geiger v State,* 532 So.2d 1298, 1300 (2d DCA 1988).

In moving to have the original plea set aside, the Appellant's case reverts back to the point prior to when the plea was entered. This places the Appellant in the position whereby he subjects himself to the risk of a harsher sentence. The cases that Appellant cites to support his position differ from the facts and circumstances of the case at bar. These are cases which either pertain to Florida Rules of Criminal Procedure 3.800 motion to mitigate a sentence or cases whereby the State moved to have a plea vacated over the objection of the defendant as opposed to a voluntary motion made by the defendant. *See Troupe, supra; Unger v State,* 492 So.2d 1168 (4th DCA 1986); *Katz v State,* 335 So.2d 608 (2d DCA 1976); *Gonzales v State,* 384 So.2d 57 (4th DCA 1980).

Appellant further maintains that double jeopardy attaches against the increased severity of a sentence once he began to serve his initial sentence. A Trial Court's action in increasing its previously imposed *lawful sentence* violates a defendant's constitutional rights against double jeopardy. *Westover v State,* 521 So.2d 344 (2d DCA 1988). The Court in *Westover,* however, was not dealing with a defendant whose sentence had been vacated and set aside. In the case at bar, the Appellant through counsel sought to have the plea set aside and vacated. As such, since Appellant is now in the very same position which he maintained prior to entering the plea, he does not meet the criteria of presently serving a *lawful sentence.* Therefore, double jeopardy does not attach.

Once it has been established that a defendant has voluntarily moved to set aside and vacate a previously entered plea, the court may impose a more severe sentence than the original conviction, absent a showing of vindictiveness by the judge. *North Carolina v Pearce, supra.* The

46

presumption of vindictiveness in resentencing will arise in circumstances in which there is a reasonable likelihood that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. *Alabama v Smith,* 490 U.S. 794, 104 L.Ed.2d 865, 109 S.Ct. 2201, 2205 (1989). Where no such reasonable likelihood is present, the burden remains upon the defendant to prove actual vindictiveness. *Id.*

In Florida, the *Pearce* mandate, which requires the Court to delineate its reasons for enforcing a harsher sentence than that originally imposed, applies only to sentences rendered after a new trial. *Alexander v State,* 422 So.2d 25, 28 (2d DCA 1982). As such, the *Pearce* requirement does not apply after the vacation of an illegal sentence, an illegal probationary order or in a plea bargaining situation. *Id.; Fairweather, supra.*

Curiously however, after determining that *Pearce* was inapplicable to cases such as the one before it, the *Alexander* court went on to apply a *Pearce*-like analysis for due process reasons. The Court held that a judge who imposes a severer sentence after a successful attack on the original sentence must affirmatively state objective reasons for the harsher sentence. Those reasons need not be based solely upon facts concerning identifiable conduct of the defendant which occurred subsequent to the original sentencing proceeding. *Alexander, supra at 28.* Therefore, the Court held that there is no constitutional impediment to harsher sentencing once it is determined that the first sentence is invalid and the second sentence is without vindictiveness. *Smith v State,* 518 So.2d 1336 (5th DCA 1987).

In the case at bar, vindictiveness played no part in Judge Pratt's decision to impose the more severe sentence. Subsequent to the Appellant setting aside his plea, the State discovered his prior DUI convictions and notified the Judge of this information. Thus, the Judge prescribed the mandatory minimum for a third DUI offense.

Secondly, Appellant further maintains that the Court erred in sentencing him to a third DUI offense without requiring the State to establish the existence of two prior out-of-state DUI convictions by certified copy. In prosecuting a DUI offense, the State has the burden to demonstrate that a defendant has prior convictions for the same offense. *Van Buren v State,* 500 So.2d 732, 734 (2d DCA 1987). The Court in *Van Buren,* states that "where the state is unable to show a prior record either through simple inability to do so or . . . through negligence or oversight, and the court proceeds to sentence the defendant as a first offender, the state should not be permitted another

**47**

opportunity to increase that sentence once it has been imposed even where the result is an undeserved windfall." *Id.* The *Van Buren* case is distinguishable from the present case in that in *Van Buren* the State moved to correct the illegal sentence and was unable to prove the prior DUI at the sentencing hearing. By contrast, in the present case, defendant affirmatively sought to have the original sentence set aside.

It is important to note that only after Appellant succeeded in having his plea vacated and set aside, and the case was once again set in a trial posture, did it come to the State's attention that Appellant had two prior DUI convictions in Texas. Once defendant had had the plea set aside he reverted back to his original pre-sentence status. In essence, defendant's actions provided the State with the opportunity to bring in this new evidence.

The record on appeal clearly states that during an open plea before Judge Pratt, the Court was informed of the prior DUI convictions. The Appellant makes only a general objection to being sentenced under a third DUI, but does not deny the existence of these convictions. Appellant maintains that these prior offenses were not proven by the Appellee by way of certified copies being admitted into evidence. This however, is not a mandatory requirement. A defendant's prior convictions must be adequately established by a *preponderance of the evidence. Pritchard v State,* 528 So.2d 1272 (1st DCA 1988). The statements made by Appellant's counsel does not dispute the fact that Appellant had two prior DUI convictions. The record refutes Appellant's argument in that Judge Pratt was clearly satisfied with the proffer to the court. As such, the State has met its burden of proof in establishing Appellant's prior out-of-state convictions.

Therefore, for the reasons stated above, the Court is not bound by the original sentence once the plea was vacated and set aside. Appellant can thus be sentenced to the increased penalty consistent with a third DUI offense.

Accordingly, it is hereby,

ORDERED AND ADJUDGED that the decision of the Trial Court is AFFIRMED.

DONE AND ORDERED in Chambers, at the Broward County Courthouse, 201 Southeast Sixth Street, Fort Lauderdale, Florida 33301, this 20th day of March, 1991.

*ORDER ON APPELLANT'S MOTION FOR REHEARING*

THIS CAUSE having come before this Court upon Appellant,

Stephen J. Belger's, Motion for Rehearing of this Court's Order entered upon the appeal of Appellant's conviction for DUI, and this Court having reviewed the Appellant's Petition, the Appellee's response, and the file herein, and being otherwise duly advised in the premises, hereby finds:

1. The Appellant, in its Motion for Rehearing, argues that *State v Rodriguez,* which stands for the proposition that charging documents must specifically allege three or more prior convictions for DUI when charging defendants with felony DUI, applies to the case at bar. 575 So.2d 1263 (Fla. 1991). This contention is without merit. The Court in *Rodriguez,* held that these prior DUI convictions are an essential element to the crime of felony DUI and thus must be noticed in the charging document and proven beyond a reasonable doubt in open court, to confer jurisdiction on the circuit court and comply with due process of law. *Id at 1265.* As such, *Rodriguez* is clearly distinguishable from the case *sub judice.* This is not a situation involving a conviction for a felony DUI or where the court's jurisdiction has been questioned, but a situation whereupon the Appellant entered into an open plea before the court.

2. Appellant further maintains that the Court must consider the case of *Goene v State,* 577 So.2d 1306. (Fla. 1991). The Supreme Court in *Goene* held that a defendant who was originally sentenced pursuant to an inaccurate scoresheet, because he affirmatively misrepresented his identity, could be resentenced to a greater term. *Id.* The case at bar does not concern an intentional fraud committed upon the trial court via a misrepresentation as to identity upon the court. Appellant's counsel recollects that "[A]ppellant advised Judge Abram of his prior conviction in Texas . . . ", which would lead one to believe that Appellant made no misrepresentation about his priors to the court. First, this Court notes that the hearing with Judge Abram has not been made a part of the record. But even if the Court were to take the County Court file into consideration, a cursory examination would reveal that Appellant admitted to a 1979 DUI in Texas before Judge Abram, but not to the two prior 1985 convictions in Texas. In a hearing before Judge Abram, the Court record states the following colloquy:

THE COURT: All right, Steve. I'm going to ask you whether or not you have ever been charged or arrested for the charge of driving under the influence of alcoholic beverages in any of the United States?

THE DEFENDANT: Yes, I have been.

THE COURT: Where?

THE DEFENDANT: Texas.

**49**

THE COURT: When?

THE DEFENDANT: 1979. (R. 6) In the instant action, Appellant sought to have his original sentence vacated and set aside. As such, Appellant was placed in the posture he maintained prior to his original plea, as if the plea had never been entered ab initio. Thus, by being placed in such a position, any "legitimate expectations" of finality as to Appellant's sentence should not have existed. *Goene, supra.*

3. It remains unrefuted that Appellant's counsel does not dispute the prior DUI convictions revealed to the court in an open plea before Judge Pratt. The record on appeal clearly states that the State was prepared to prove the prior DUI convictions, (R. 11) and was not compelled to proceed further with additional proof. Appellant makes only a general objection to the sentence under a third DUI, but does not deny the existence of these convictions. Further, this Court found that Judge Pratt was satisfied with the proffer by the Appellee as to these prior convictions. " . . . I would impose a sentence as a third offense minimum mandatory statutory requirement of the third offense and sentence has not yet been imposed pending the determination of whether or not I am bound by the original sentence." (R. 31). Moreover, this Court has previously determined that the lower court was not bound by the original sentence. Therefore, the findings made by Judge Pratt as to Appellant's third DUI are clothed with a presumption of correctness. *Spinkellink v State,* 313 So.2d 666 (Fla. 1975). Thus, the trial court's decision accepting the Appellee's proffer as to the prior out-of-state convictions must stand.

Accordingly it is hereby:

ORDERED AND ADJUDGED that Appellant's Motion for Rehearing is DENIED.

DONE AND ORDERED in Chambers, at the Broward County Courthouse, 201 Southeast Sixth Street, Fort Lauderdale, Florida 33301, this 25th day of July 1991.