PER CURIAM.
We vacate the sentence imposed upon Roy Phaneuf and remand for resentencing. Thompson v. State, 638 So.2d 116 (Fla. 5th DCA), rev. granted, State v. Blackwell, 649 So.2d 234 (Fla.1994) (Table).
If probation is imposed as a portion of the sentence, monetary conditions may not be converted to community service hours. See Price v. State, 620 So.2d 1105 (Fla. 4th DCA 1993) (trial court erred in ordering defendant to perform community service in lieu of payment of costs; section 27.3455 authorizing community service in lieu of payment of costs was amended in 1986 to eliminate this alternative); Parks v. State, 595 So.2d 1056 (Fla. 4th DCA 1992) (same); Bush v. State, 579 So.2d 362 (Fla. 4th DCA 1991) (same); Sims v. State, 520 So.2d 675 (Fla. 5th DCA 1988) (same); Hansley v. State, 514 So.2d 1135 (Fla. 5th DCA 1987) (same); Rowe v. State, 558 So.2d 174 (Fla. 5th DCA 1990) (state concedes court without authority to impose community service in lieu of costs under section 27.3455); State v. Muoio, 438 So.2d 160 (Fla. 2d DCA 1983) (trial judge may not impose community service in lieu of mandatory fine imposed by section 316.193; all statutory references to community service work indicate such service be considered as extra sanction or additional condition of probation).
REVERSED AND REMANDED.
HARRIS, C.J., PETERSON and GRIFFIN, JJ., concur.