BLUE, Judge.
Kenneth Burgess appeals his convictions and sentences for possession of cocaine and delivery of cocaine. He challenges certain probation conditions and costs. We reverse.
Burgess argues, and the State concedes, that probation conditions 15 and 16 are special conditions that were not orally announced at sentencing. Accordingly, we strike the conditions. See State v. Hart, 668 So.2d 589 (Fla.1996).
Burgess also challenges certain costs that were imposed as part of his sentence. The trial court imposed $270 in various itemized costs. Under Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995), the trial court erred in imposing $15 for the Court Improvement Fund. The court also erred in imposing a $2 discretionary cost under section 943.25(13), Florida Statutes (1993), without orally announcing it. Subsequent to sentencing but before the notice of appeal was filed, Burgess filed a motion to modify probation and convert the costs to forty hours of community service. The trial court granted this motion. The State argues on appeal that the trial court erred in converting mandatory costs to community service. “If probation is imposed as a portion of the sentence, monetary conditions may not be converted to community service hours.” Phaneufv. State, 655 So.2d 1300, 1301 (Fla. 5th DCA 1995); quashed on other grounds, 665 So.2d 1057 (Fla.1996). Therefore, we reverse the trial court’s order that converted mandatory costs to community service.
The case poses a double jeopardy problem if Burgess has completed all or part of his community service hours. See State v. Muoio, 438 So.2d 160 (Fla. 2d DCA 1983) (although trial court was not authorized to impose community service in place of a mandatory fine, imposing the fine on remand would violate double jeopardy because defendant had completed community service hours). On remand, the trial court must determine whether Burgess has completed the community service hours. If not, the trial court may reimpose costs but in no event may the trial court reimpose the $2 discretionary cost or the court improvement fund.
Order modifying probation reversed; certain costs and probation conditions stricken; remanded.
SCHOONOVER, A.C.J., and FULMER, J., concur.