SILBERMAN, Judge.
Zenun Spahalic appeals the trial court’s denial of his motion to clarify sentence filed pursuant to Florida Rule of Criminal *597 Procedure 3.800(a). Spahalie pleaded nolo contendere to possession of a firearm by a convicted felon and was sentenced to three years’ imprisonment.
In his motion Spahalie alleged that when the trial court orally pronounced the sentence, it did not state that the term of imprisonment was a minimum mandatory term pursuant to section 775.087(2)(a), Florida Statutes (2000). Spahalie asked that the trial court clarify the sentence and notify the Department that the sentence did not involve a minimum mandatory term.
In its order denying relief, the trial court concluded that Spahalie was on notice of the three-year minimum mandatory term because the charging document indicated that information. The trial court also noted that the plea form contained Spahalic’s acknowledgment that he and his attorney discussed the maximum and minimum penalties.
Imposition of the three-year minimum mandatory sentence was not optional for the crime to which Spahalie pleaded. See § 775.087(2)(a); Elbert v. State, 705 So.2d 651 (Fla. 2d DCA 1998); State v. Sesler, 386 So.2d 293, 294 (Fla. 2d DCA 1980). Based on the record before us, we affirm the denial of relief; however, our denial is without prejudice to any right that Spahalic may have to file a timely, facially sufficient motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.850.
Affirmed.
DAVIS and CANADY, JJ., Concur.